# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:07cr247

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TABETHA GOFORTH. ) | |

**THIS MATTER** came before the Court on notification that the Defendant had orally entered a "notice of appeal" from the Order of Magistrate Judge Keesler revoking her bond.

On October 24, 2007, the Defendant was charged in a four count bill of indictment with conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, two substantive counts of distributing cocaine base and one substantive count of possession with intent to distribute ecstacy. Bill of Indictment, filed October 24, 2007. On January 28, 2008, she entered into a plea agreement with the Government pursuant to which she agreed to plead guilty to count three of the indictment. Plea Agreement, filed January 28, 2008. On February 6,

2008, she entered her plea of guilty during a Rule 11 Hearing conducted by United States Magistrate Judge David Keesler.  This plea of guilty exposes the Defendant to a mandatory minimum sentence of ten years imprisonment.  21 U.S.C. §841(b)(1)(A)(iii).

During the Rule 11 hearing, the Magistrate Judge found that he was compelled by statute to order the Defendant detained pending sentencing.  He noted that the Defendant filed oral notice of appeal of that ruling and stayed his order of detention pending the review by the district court.  To date, defense counsel has not filed a written motion for review or any memorandum of law supporting his position that the Defendant may continue on pre-trial release pending sentencing.

The Magistrate Judge correctly noted that the detention of a defendant pending sentencing is controlled by 18 U.S.C. §3143(a) which provides in pertinent part:

> The judicial officer shall order that a person who has been found guilty of an offense described in subparagraph ...  (C) ... of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless-
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. §3143(a)(2).  18 U.S.C. §3142(f)(1)(C) refers to a drug crime for which the maximum term of imprisonment is ten years or more.

Defense counsel has placed nothing before the Court supporting his position that the Defendant should be allowed to remain free on bond pending sentencing.  No grounds are stated.  No evidence is presented based on which this Court could conclude that there are exceptional circumstances for overruling Magistrate Judge Keesler's decision.  No arguments are presented.  In fact, the Defendant has done nothing that would cause it to be brought to the Court's attention that there is an issue for the Court to address.

If the Defendant desires review of Magistrate Judge Keesler's decision to revoke bond, Defendant should file a motion for revocation or amendment of that Magistrate Judge Keesler's Order pursuant to 18 U.S.C. §3145(b).  Presumably this is what was intended by the Defendant's oral "notice of appeal."  Defendant's Motion should be accompanied by whatever evidence the Defendant believes the Court should consider with regard to such Motion, and by a Memorandum of legal authorities supporting the Defendant's position.

Review of an order revoking bond is required by statute to be accomplished promptly.  18 U.S.C. §3145(b).  This necessitates that the

Court require prompt action on the part of the parties.

**IT IS, THEREFORE, ORDERED** that on or before February 19, 2008, the Defendant shall file a written motion pursuant to 18 U.S.C. §3145(b) along with a memorandum of law in support of Defendant's position. Failure to do so will result in dismissal of the request for review embodied in the oral "notice of appeal" made by Defendant at the hearing. If the Government desires to respond to such Motion and Memorandum, such response shall be filed on or before February 22, 2008.

Signed: February 12, 2008

Martin Reidinger
United States District Judge