# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:07cr247

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TABETHA GOFORTH. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Change Method by which Balance of Sentence is Served [Doc. 36].

On December 19, 2008, the Defendant was sentenced to serve 70 months imprisonment for her conviction for distribution of cocaine base. [Doc. 32]. She did not file a direct appeal or motion pursuant to 28 U.S.C. §2255.

In this motion, filed July 13, 2010, the Defendant asks that she be allowed to serve the remainder of her sentence in home detention because the Bureau of Prisons (BOP) has never implemented the Family Unity Demonstration Project for Federal Prisoners contained within the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. §13881, *et. seq*. That legislation empowers the BOP to set up halfway house facilities for the

mothers of young children. 42 U.S.C. §13901. Since that has not been done, the Defendant argues that this Court can fashion an alternative remedy to effect the goal of the legislation.

Although the Defendant cites 18 U.S.C. §3553 as providing the authority for this modification, that statute does not apply once a sentence has been imposed. United States v. Ffrench, 187 F.3d 631 (4th Cir. 1999). Section 13901 of Title 42 of the United States Code authorizes the United States Attorney General, acting through the BOP, to select eligible prisoners for the program but no portion of the statute authorizes a sentencing court to modify a sentence once imposed. See, *e.g.*, United States v. Wright, 2008 WL 4219076 (D.Utah 2008).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Change Method by which Balance of Sentence is Served [Doc. 36] is hereby **DENIED**.

Signed: August 9, 2010

Martin Reidinger
United States District Judge